UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARIA RENDON,<br><br>                         Plaintiff,<br><br>            -against-<br><br>WERNER ENTERPRISES, INC., WALMART, INC., TJX COMPANIES, INC., JOHN DOE, JANE DOE, RON ROE, SUE ROE, ABC Corp., XYZ Corp., and NEW JERSEY MANUFACTURERS INSURANCE COMPANY,<br><br>                         Defendants. | Case No. 1:26-cv-04175 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Maria Rendon ("Plaintiff") filed this action in New York State Supreme Court, Bronx County, on December 23, 2025, in connection with a motor vehicle accident. *See generally* Dkt. 1-1. On May 19, 2026, Defendant Werner Enterprises, Inc. ("Werner") removed the action to this Court. *See generally* Dkt. 1 ("Notice of Removal"), asserting that this Court has diversity jurisdiction over the action because the amount in controversy exceeds $75,000, and because the parties "are completely diverse." *Id.* ¶ 16.

In the Notice of Removal, Werner noted that both Plaintiff and Defendant New Jersey Manufacturers Insurance Company ("NJMIC") are citizens of New Jersey, but contended that NJMIC's citizenship should be "disregarded for the purpose of this notice of removal because [NJMIC] has never been served and the time to do so expired on April 22, 2026," *id.* ¶ 12, and because Plaintiff seeks damages from NJMIC without asserting a negligence claim against it, *id.* ¶ 16. Werner cited no authority to support these contentions. *See, e.g.*, *Salerno v. Am. League of Pro. Baseball Clubs*, 310 F. Supp. 729, 731 (S.D.N.Y. 1969) ("[T]he fact that the above-named defendant . . . has not been served does not affect the consideration of its citizenship as a party in determining the existence of diversity in this action."), *aff'd*, 429 F.2d 1003 (2d Cir. 1970);

*accord Gee Chan Choi v. Jeong-Wha Kim*, No. 04-cv-04693, 2006 WL 3535931, at *10 n.8 (E.D.N.Y. Dec. 7, 2006); *see also Harris v. Zimmer Holdings, Inc.*, No. 18-cv-11271 (PAC), 2019 WL 1873178, at *3 (S.D.N.Y. Apr. 26, 2019) ("The propriety of removal . . . depends on whether the case originally could have been filed in federal court." (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997))).

Also absent from the Notice of Removal is any indication that the other defendants named in this matter — who, according to Werner, *have* been served, *see* Notice of Removal ¶ 16 — have consented to removal. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (explaining that, under "the so-called rule of unanimity," "all defendants who have been properly joined and served must join in or consent to the removal of the action" (quoting 28 U.S.C. § 1446(b)(2)(A))); *see also Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (explaining that "defendants must independently express their consent to removal," and holding that defendants "satisfied this requirement when they submitted letters to the court within the thirty-day removal period").

Accordingly, by **May 28, 2026**, Werner shall file an amended notice of removal that (1) supports its contentions that NJMIC's citizenship may be disregarded for purposes of diversity jurisdiction and (2) demonstrates that the other properly served defendants timely consented to removal of this matter (or explain why their consent is not required). If Werner does not file such an amended notice of removal, the Court may remand this matter to the New York Supreme Court, Bronx County, without further notice.

Dated: May 21, 2026
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

2